IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs February 11, 2025

**LAVONTA LAVER CHURCHWELL v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2009-A-260      Jennifer Smith, Judge**

_____

**No. M2024-00896-CCA-R3-ECN**

_____

The pro se Petitioner, Lavonta Laver Churchwell, appeals the Davidson County Criminal Court's summary denial of his petition for writ of error coram nobis. Because the petition was filed well outside the one-year statute of limitations and the Petitioner has not shown any grounds to warrant equitable tolling, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and KYLE A. HIXSON, J., joined.

Lavonta Laver Churchwell, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Ryan W. Davis, Assistant Attorney General; Glenn. R. Funk, District Attorney General; and Brian Ewald, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

In 2010, the Petitioner was convicted by a Davidson County Criminal Court jury of two counts of first degree felony murder, two counts of especially aggravated robbery, and two counts of criminally negligent homicide and was sentenced by the trial court to an effective term of life imprisonment. *State v. Churchwell*, No. M2011-00950-CCA-R3-CD,

2013 WL 430118, at *1 (Tenn. Crim. App. Feb. 4, 2013), *perm. app. denied* (Tenn. June 12, 2013). This court affirmed the convictions on direct appeal, and our supreme court denied the Petitioner's application for permission to appeal. *Id.*

The Petitioner later filed a petition for post-conviction relief alleging ineffective assistance of counsel. The post-conviction court denied the petition, this court affirmed the judgment of the post-conviction court, and our supreme court denied the Petitioner's application for permission to appeal. *Churchwell v. State*, No. M2015-01567-CCA-R3-CD, 2016 WL 5253203, at *1 (Tenn. Crim. App. Sept. 21, 2016), *perm. app. denied* (Tenn. Jan. 19, 2017). This court provided a concise summary of the Petitioner's crimes in our post-conviction opinion:

> On August 26, 2008, the [Petitioner] and two other men entered the East Nashville home of Dr. Pierre Robert Colas, an assistant professor of anthropology at Vanderbilt University. *State v. Lavonta Laver Churchwell*, No. M2011-00950-CCA-R3-CD, 2013 WL 430118, at *1 (Tenn. Crim. App. at Nashville, Feb. 4, 2013), *perm. to appeal denied*, (Tenn. 2013). The men shot and robbed Dr. Colas and his sister Marie Colas, who was visiting her brother from Germany. *Id.* Dr. Colas died at the scene, and Ms. Colas died five days later. *Id.* at *2. In January 2009, the Davidson County Grand Jury indicted the Petitioner for two counts of first degree premeditated murder, two counts of first degree felony murder, and two counts of especially aggravated robbery.
>
> At trial, the Petitioner testified that "he was not involved in the murders and denied having told [any fellow jail inmates] that he was involved." *Id.* at *4. The jury convicted him of two counts of felony murder, two counts of especially aggravated robbery, and two counts of criminally negligent homicide as a lesser-included offense of first degree premeditated murder. The trial court merged the criminally negligent homicide convictions into the first degree felony murder convictions, and the Petitioner received concurrent sentences of life for the murder convictions and twenty years for the especially aggravated robbery convictions. *Id.* at *1.

In 2017, the Petitioner filed a pro se petition for writ of habeas corpus in the United States District Court for the Middle District of Tennessee. *Churchwell v. Lebo,* No. 3:17-cv-00916, 2020 WL 918765, at *11 (M.D. Tenn. Feb. 26, 2020). The district court denied both the petition and the Petitioner's application for a certificate of appealability. *Id.* The Petitioner then appealed to the Sixth Circuit Court of Appeals, which interpreted his notice of appeal as a request for a certificate of appealability, which it denied. *Churchwell v. Parris*, No. 20-5336, 2020 WL 5793542, at *1 (6th Cir. Aug. 12, 2020).

In July 2019, the Petitioner filed a motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. The trial court summarily denied the petition, and this court affirmed the judgment of the trial court. *Churchwell v. State*, No. M2019-01673-CCA-R3-CD, 2020 WL 2048046, at \*1 (Tenn. Crim. App. Apr. 29, 2020).

On October 16, 2023, the Petitioner filed the instant petition for writ of error coram nobis or, in the alternative, motion to reopen his post-conviction petition, alleging newly discovered evidence that may have changed the outcome of his trial. He stated that, with the help of another inmate, he had recently obtained "psychological evaluations and school records/report[s]" from the Tennessee Department of Education, which revealed that he had been diagnosed with "mental diseases and defects" that proved he lacked "the capacity to form the requisite culpable mental intent that negates the proof of premeditation." The Petitioner acknowledged that his petition for writ of error coram nobis was untimely but argued that he was entitled to due process tolling of the statute of limitations due to his mental incompetence. In support, he attached school and medical records that showed, among other things, that he was in special education classes and performed below grade level throughout his school years and in 2022 was diagnosed with a brain tumor.

On July 30, 2024, the error coram nobis court entered an order denying the petition for writ of error coram nobis without a hearing on the basis that it was untimely, and the Petitioner failed to show that he was entitled to equitable tolling of the statute of limitations. The error coram nobis court also found that the petition failed to meet the criteria for reopening a post-conviction petition under Tennessee Code Annotated section 40-30-117. This appeal followed.

## ANALYSIS

In his original and reply briefs, the Petitioner contends that the error coram nobis court erred in summarily denying the petition, asserting that he was without fault in not presenting the evidence at an earlier time due to his mental disabilities, and that the newly discovered evidence of his mental disabilities and defects might have resulted in a different judgment had it been presented at trial. The State argues that the error coram nobis court properly denied the petition because it was untimely and tolling the statute of limitations was inappropriate.

A writ of error coram nobis is an extraordinary remedy by which the court may provide relief from a judgment under only narrow and limited circumstances. *State v. Mixon*, 983 S.W.2d 661, 666 (Tenn. 1999). Tennessee Code Annotated section 40-26-105 provides this remedy to criminal defendants:

- 3 -

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial. The issue shall be tried by the court without the intervention of a jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause.

Tenn. Code Ann. § 40-26-105(b), (c); *see State v. Vasques*, 221 S.W.3d 514, 525-28 (Tenn. 2007) (stating that the standard of review is "whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different").

"In order to qualify as newly discovered evidence, the proffered evidence must be (a) evidence of facts existing, but not yet ascertained, at the time of the original trial, (b) admissible, and (c) credible." *Nunley v. State*, 552 S.W.3d 800, 816 (Tenn. 2018) (citation and internal quotation marks omitted). To be considered "without fault," the petitioner must show that "the exercise of reasonable diligence would not have led to a timely discovery of the new information." *Vasques*, 221 S.W.3d at 527.

A petition for a writ of error coram nobis must be filed within one year after the judgment becomes final. Tenn. Code Ann. § 27-7-103. For the purposes of coram nobis relief, a judgment becomes final thirty days after the entry of the judgment in the trial court if no post-trial motion is filed, or upon entry of an order disposing of a timely filed post-trial motion. *Mixon*, 983 S.W.2d at 670. Timeliness of the petition is an essential element of a coram nobis claim. *Clardy v. State*, 691 S.W.3d 390, 401 (Tenn. 2024) (citation omitted). The one-year statute of limitations may, however, be tolled on due process grounds if the petitioner seeks relief based upon newly discovered evidence of actual innocence. *Nunley*, 552 S.W.3d at 828-29 (citation omitted). "If a petition for a writ of error coram nobis fails to show on its face either that it has been timely filed in accordance with Tennessee Code section 27-7-103 or specific facts showing why the petitioner is entitled to equitable tolling of the statute of limitations, the trial court is within its discretion to summarily dismiss it." *Id.* at 829. "[T]he coram nobis statute of limitations may be tolled only if the petitioner produces newly discovered evidence that would, if true, establish clearly and convincingly that the petitioner is actually innocent of the underlying crime of which he was convicted." *Clardy*, 691 S.W.3d at 407. Although the decision to grant or deny coram nobis relief rests within the sound discretion of the trial court, *see Vasques*, 221 S.W.3d at 527-28, "[w]hether due process considerations require tolling of a

- 4 -

statute of limitations is a mixed question of law and fact, which we review de novo with no presumption of correctness." *Nunley*, 552 S.W.3d at 830 (citation omitted).

We agree with the State that the trial court's summary denial of the petition was proper. The petition was filed well outside the one-year statute of limitations, and the school and medical records the Petitioner allege show he lacked the capacity to form "premeditation," constitute neither newly discovered evidence that was unavailable to the Petitioner at trial, nor evidence that clearly and convincingly establishes the Petitioner's actual innocence of the crimes. The alleged newly discovered evidence of the Petitioner's mental deficits also fails to meet any of the narrow criteria for reopening a petition for post-conviction relief. *See* Tenn. Code Ann. § 40-30-117. Accordingly, we affirm the summary denial of the petition.

## **CONCLUSION**

Based on our review, we affirm the judgment of the error coram nobis court.

s/ John W. Campbell
JOHN W. CAMPBELL, SR. JUDGE